IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA TRYSON | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | 02-CV-4811 |
| ALLSTATE INSURANCE COMPANY | : | |
| Defendant. | : | |

**ALLSTATE INSURANCE COMPANY'S**
**ANSWER WITH AFFIRMATIVE DEFENSES**

**COUNT I**

1. Denied. Allstate lacks knowledge or information sufficient to admit or deny the allegations of paragraph 1 of Count I of plaintiff's complaint, which are, therefore, denied.

2. Admitted in part, denied in part. Allstate admits that it is a corporation authorized to do business in Pennsylvania. Except as expressly admitted herein, the allegations of paragraph 2 of plaintiff's complaint are denied.

3. Admitted in part, denied in part. Allstate admits that between 1993 and 2000 it issued various automobile insurance policies to plaintiff, which speak for themselves. Except as expressly admitted herein, the allegations of paragraph 3 of plaintiff's complaint are denied.

4. Admitted except that the correct policy number is 077437683.

5. Admitted in part, denied in part. Allstate admits that plaintiff disputed the cancellation of policy 077437683, but is not sure on what date plaintiff did so.

6. Admitted.

7. Denied.

8. Denied as stated. Allstate admits that plaintiff was in an accident on May 18, 1998 caused by another driver who was test driving a car owned by a dealership. The driver, Robert Whisler, had an Allstate policy, and was also covered by the dealership's policy on the vehicle. Allstate admits that plaintiff suffered modest property damage. Allstate denies that plaintiff made a demand for payment under his own policy. To the contrary, Allstate offered to pay his property damage claim under his policy, but plaintiff refused and insisted that Allstate pay such claims from Mr. Whisler's policy. After plaintiff ultimately consented to allow Allstate to pay the claim under his policy in August 1999, Allstate did so. Except as expressly admitted herein, the allegations of paragraph 8 of Count I of plaintiffs' complaint are denied.

9. Denied as stated. Allstate admits that plaintiff made numerous demands for payment from Mr. Whisler's policy, but that he refused offers to pay from his own policy until August 1999, at which time Allstate promptly paid the property damage claim. Except as expressly admitted herein, the allegations of paragraph 9 of plaintiff's complaint are denied.

10-11. Denied. By way of further response, Allstate took the position that the dealership's policy on the vehicle was primary, and that Mr. Whisler's policy was excess.

12. Denied.

13. Denied.

14.     Admitted in part; denied in part. Allstate admits that in February 2000 it cancelled Mr. Tryson's policy for non payment. Allstate denies that the cancellation was without notice. To the contrary, it sent a proper cancellation notice.

15.     Denied as stated. The Pennsylvania Commonwealth Court in a 2 to 1 decision, overruled the Insurance Commissioner's holding that Allstate had properly cancelled plaintiff's policy. The Court did not hold that the cancellation was unfounded, but held that Allstate was estopped from refusing to accept payment advice given to Mr. Tryson by his agent.

16-18.     Denied. Allstate lacks knowledge or information sufficient to admit or deny the allegations of paragraphs 16 thru 18 of Count I of plaintiff's complaint, which are, therefore, denied.

19.     Denied. Paragraph 19 consists of legal conclusions to which no response is required and which are, therefore, denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied. Paragraph 24 consists of legal conclusions to which no response is required, and which are, therefore, denied.

25.     Denied.

26.     Denied.

27.     Denied.

## COUNT II

1. Allstate incorporates by reference, paragraphs 1 through 27 above, as if set forth in full.

2. Denied. By way of further response, plaintiff's policy did not provide rental reimbursement coverage. Any claims for rental reimbursement by plaintiff were directed to Mr. Whisler or his policy.

3. Admitted in part, denied in part. Allstate admits that plaintiff made a demand for payment of $147. Allstate denies that any agreement to pay was made, and denies any implication that a binding contract was formed. By way of further response, plaintiff's insurance policy did not include coverage for rental reimbursement, and plaintiff's claims for damages against Mr. Whisler were arbitrated and settled.

4. Denied.

5. Admitted.

6. Admitted in part, denied in part. Allstate admits that rental car reimbursement was never made. Except as expressly admitted herein the allegations of paragraph 6 are denied.

7. Denied.

10. [sic]   Denied.

WHEREFORE, Allstate respectfully requests that the Court grant judgment in its favor and against plaintiff on all counts of plaintiff's complaint, together with cost, attorneys' fees and such other and further relief as is just.

### **AFFIRMATIVE DEFENSES**

#### FIRST AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the statute of limitations.

#### SECOND AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims fail to state claims upon which relief may be granted.

#### THIRD AFFIRMATIVE DEFENSE

Allstate did not act in bad faith and at all times acted reasonably.

#### FOURTH AFFIRMATIVE DEFENSE

If plaintiff has suffered any harm, which Allstate denies, that harm was caused by plaintiff's own conduct or the conduct of persons other than Allstate.

#### FIFTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred because plaintiff lacks standing to bring them.

#### SIXTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by a release given by plaintiff.

#### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim fails for lack of consideration.

#### EIGHTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of waiver.

#### NINTH AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim fails because no contract was ever formed.

WHEREFORE, Allstate respectfully requests that this Court grant judgment in its favor and against plaintiff on all counts of plaintiff's complaint, together with costs, attorneys' fees and such other and further relief as is just.

    /s/ *Joan E. Burnes*
Marshall Walthew
Attorney I. D. No. 55329
Joan Burnes
Attorney I. D. No. 82418
Dechert Price & Rhoads
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103-2793

Attorney for Allstate Insurance Company

Dated: July 26, 2002

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this date caused a true and correct copy of the foregoing Allstate Insurance Company's Answer With Affirmative Defenses to be served via first class mail, postage prepaid upon the following counsel of record:

>Michael P. Rowan, Esq.
>121 West Minor Street
>West Chester, PA  19382


>　　／s／ *Joan E. Burnes*
>　　Joan E. Burnes

Dated:  July 26, 2002

**780024**.**1**.**50** 08/12/02 2:47 PM