IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA TRYSON | : |
| Plaintiff, | : |
| v. | : No. 02-CV-4811 |
| ALLSTATE INSURANCE CO., | : |
| Defendant. | : |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO COMPEL DISCOVERY PURSUANT TO RULE 37(a)</u>**

Defendant, Allstate Insurance Company ("Allstate"), by and through its counsel, Dechert LLP, herein responds to Plaintiff Joshua Tryson's ("Tryson" or "Plaintiff") motion to compel discovery pursuant to Rule 37(a).

## INTRODUCTION

Having not commenced discovery in a timely fashion, Plaintiff attempts to compel Allstate to respond to discovery requests well after the discovery phase of this litigation has ended. Plaintiff has run out of time. Moreover, even if this Court determines that his requests were timely, Plaintiff has failed to address any of Allstate's additional objections which should also be sustained.

## FACTUAL BACKGROUND

Plaintiff--through his attorney--served Allstate with its request for production of documents and requests for admissions on April 15, 2003.[1] (Pl.'s Mot., Exhibits A and B.) Allstate's responses were due on May 19, 2003.[2] However, some twenty days <u>before</u> Allstate's time to respond expired, discovery closed in this litigation. <u>See</u> Corrected Amended Scheduling Order at ¶ 1 (attached hereto as Exhibit A). Although not required under this Court's order to do so, Allstate timely responded to Plaintiff's document requests on May 19, 2003 and asserted an objection (among others) that "Plaintiff's document requests [were] untimely because they were served at a time such that the response date falls after the close of discovery." (Exhibit B, at General Objections, ¶ 2.) Plaintiff's motion to compel surfaced six weeks later.[3]

---

[1] While Plaintiff's counsel attempts to persuade this Court that he only "recently entered his appearance," (Pl.'s Motion at 2), he did so on March 20, 2003 - and nevertheless waited nearly a month to serve Allstate with discovery requests. Indeed, Plaintiff's counsel had time to defend Tryson's deposition, oppose Allstate's motion for summary judgment (which currently is pending before this Court), and submit a pre-trial memorandum. Surely, Plaintiff's counsel had enough time to serve standard document requests in a timely manner. Furthermore, Plaintiff's current counsel represented Tryson in his proceedings before the Commonwealth Court in November 2000. In that case, Plaintiff disputed Allstate's 2000 cancellation of his insurance policy on which, in part, Plaintiff's bad faith claims in this litigation are based.

[2] Plaintiff mistakenly asserts that Allstate's responses were due on May 16, 2003. Federal Rule of Civil Procedure 6(c) provides for an additional three day response period when, as here, a litigant is served by mail. <u>See</u> Fed. R. Civ. P. 6(c).

[3] Interestingly, Plaintiff's counsel certified to this Court, as required by Eastern District of Pennsylvania's Local Rule of Civil Procedure 26.1(f), that "after reasonable effort, which included written correspondence with Defendant, the parties were unable to resolve the dispute that is the subject of this motion." (Pl.'s Mot. to Compel, Certification of Counsel (attached hereto as Exhibit C).) However, the sole communication between the parties relating to Allstate's responses was a June 19, 2003 telephone call from Plaintiff's counsel to Allstate's counsel acknowledging prior receipt but requesting yet another copy

## ARGUMENT

I.   **Plaintiff's Discovery Was Not Timely**

Plaintiff did not serve Allstate with his requests within the timeframe required by the Court's discovery schedule. Federal Rules of Civil Procedure 33(b)(3) and 34(b) allow a party on whom discovery requests have been served thirty (30) days to respond to the requests. See Fed. R. Civ. P. 33(b)(3); 34(b). The party seeking discovery bears the responsibility of issuing requests in a timely fashion. See Out Front Prods., Inc. v. Magid, et al., No. 81-2932, 1982 U.S. Dist. LEXIS 17763, at *4-5 (E.D.Pa. March 18, 1982) (attached hereto as Exhibit D). Requiring the requesting party's diligence affords the answering party the opportunity to adhere to the discovery schedule within the response time permitted by the Federal Rules. See, e.g., Multitherm Corp. v. Fuhr, No. Civ. A. 89-6151, 1991 U.S. Dist. LEXIS 2601, at *5 (E.D.Pa. Mar. 5, 1991) (attached hereto as Exhibit E) (denying motion to compel when interrogatory requests were served eight days before the discovery deadline). Here, Plaintiff's discovery requests were not timely because they were served too close to the end of the discovery period. This Court should sustain Allstate's objection.

Case law is the Eastern District of Pennsylvania makes clear that discovery is to be both initiated and completed <u>before</u> the deadline imposed by this Court. "The discovery deadline is just that -- a deadline. All discovery should be <u>completed</u> by the date established as the discovery deadline." Rush v. Scott Paper Co., No. 93-5973, 1995 U.S. Dist. LEXIS 1249 at *5 (E.D.Pa. Feb. 1, 1995) (emphasis added) (attached hereto as Exhibit F). Plaintiff's meritless

---

of Allstate's discovery responses. Plaintiff, in fact, did not attempt to resolve the dispute, and did not comply with Local Rule 26.1(f).

contention that it suffices that he served Allstate with its requests less than two weeks before the class of discovery is misguided. As the Eastern District of Pennsylvania has long indicated:

> If orders to establish discovery deadlines are to mean anything, there must be some duty on counsel, (a) to plan and monitor their discovery efforts so that all foreseeably necessary discovery may be <u>completed</u> in a timely fashion, (b) to seek Court enforcement of their rights <u>promptly</u> when necessary, and (c) to inform the court promptly if unforeseen circumstances make compliance with the original deadline impossible.

<u>Out Front Prods.</u> at *4-5 (E.D.Pa. March 18, 1982) (emphasis added).

In <u>Out Front Prods.</u>, the court denied plaintiff's motion to extend discovery deadlines and compel discovery four days before the close of discovery. There, Plaintiff served discovery requests on December 1, 1981 -- and defendants responded (and objected) within the discovery period. Plaintiff thereafter waited until February 11, 1982 (days before the February 15 cut-off) to file motions to extend the discovery deadline and to compel discovery. Responding to plaintiff's request "to be relieved of the consequences of its failure to pursue discovery," <u>id.</u> at *4, the court denied the motions in part because plaintiff "made no effort to obtain the Court's help" in a timely fashion. <u>Id.</u> at *5. The <u>Out Front Prods.</u> Court determined, as Allstate respectfully requests that this Court should, that "plaintiff's effort to portray itself as the innocent victim of defense counsel's sharp practices, hopelessly swamped by an inundating of eleventh hour discovery, is disingenuous." <u>Id.</u>

Furthermore, if Plaintiff had a legitimate reason to do so, he could have sought an extension of the discovery deadline. <u>See, e.g.</u>, <u>Mines v. City of Philadelphia</u>, No. Civ. A. 93-3052, 1994 U.S. Dist. LEXIS 9776, at *7-9 (E.D.Pa. July 18, 1994) (attached hereto as Exhibit G). Plaintiff did not. Plaintiff's counsel waited a month after entering his appearance to serve

his requests on Allstate. Plaintiff's counsel represented Tryson in previous litigation and was intimately familiar with the facts of the case and the potential need for discovery. There simply was no reason for the delay.

Further, Plaintiff's motion failed to offer any explanation or justification of why Allstate was not permitted sufficient time to respond within the Court-mandated discovery period. See supra note 1. If Plaintiff wished this Court to grant an extension of the discovery deadline, Plaintiff had the burden of proving that a more diligent pursuit of discovery was impossible. Plaintiff did not do that here because he cannot. Plaintiff – and his counsel – have had more than enough time, particularly given this Court's numerous extensions, to request and complete timely discovery. And, indeed, Plaintiff's propensity for delay is further evidenced by the fact that Plaintiff waited six weeks after Allstate objected to his untimely discovery requests to file this motion.

II.   **Allstate Objected To Plaintiff's Discovery On Numerous Grounds Other Than Timelines Of Service, And Plaintiff Has Not Addressed Any Of Those Objections.**

Plaintiff's motion completely ignores the fact that Allstate objected to Plaintiff's requests for several reasons in addition to his untimeliness. As Allstate's response indicates, an overwhelming number of Plaintiff's requests are overbroad and not reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(2). Personnel files, as indicated in Allstate's response, are not discoverable in bad faith cases. See Carlucci v. Maryland Casualty Co., No Civ. A. 98-3294, 2000 WL 298925, at *1-2 (E.D.Pa. March 14, 2000) (attached as Exhibit H). Plaintiff failed to respond to Allstate in this regard, despite having been provided with sound legal support for the objection. Furthermore, Plaintiff seeks

several irrelevant practice and procedure manuals. (Allstate's Response, ¶¶ 1-3; 7; 9; 10.) Plaintiff further seeks information outside the timeframe relevant to this litigation. (Allstate's Response, ¶¶ 4-5 (objecting to requests for insurance claim files and computer printouts beginning four years before his 1997 cancellation).)

Plaintiff makes no argument that any of these objections are in any way invalid. Therefore, even if the Court were to conclude that Plaintiff's requests were timely, Plaintiff has provided no basis for ordering production. In fact, it is plain that none of the requested material is particularly relevant. Plaintiff responded to Allstate's summary judgment motion without having access to any of the requested documents. Plaintiff did not exercise his right under Federal Rules of Civil Procedure 56(f) to submit affidavits explaining why additional discovery was needed. It follows that the discovery sought is neither important nor relevant.

## CONCLUSION

Plaintiff's discovery requests are untimely. Moreover, Plaintiff has not taken the trouble to address Allstate's specific objections to his requests. There is no basis to compel discovery. Rather, this Court should rule on the summary judgment motion.

WHEREFORE, Defendant Allstate Insurance Company respectfully requests that Plaintiff's Motion to Compel Pursuant to Rule 37(a) be denied.

Respectfully submitted,

_____
Marshall Walthew
Tracey R. Gainor
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
(215) 994-4000
Attorneys for Defendant
Allstate Insurance Company

## CERTIFICATE OF SERVICE

I, Tracey R. Gainor, do hereby certify that on this date I caused a true and correct copy of the foregoing to be served by First Class Mail upon the following:

>Michael P. Rowan, Esquire
>121 West Miner Street
>West Chester, PA  19382
>Pro Se Plaintiff
>Counsel for Plaintiff Joshua P. Tryson

Dated: July 14, 2003

Tracey R. Gainor